UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE B.[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 3:19-cv-00031-GCS |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is petition for attorney fee pursuant to § 206(b)(1). (Doc. 32). Specifically, Plaintiff's counsel seeks $22,172.75 in fees pursuant to 42 U.S.C. § 406(b). The Commissioner filed a response stating that it "neither supports nor opposes" the fee requested. (Doc. 34). Based on the following, the Court **GRANTS** the motion.

Following an unfavorable decision by the Commissioner, Plaintiff filed the complaint in this matter on January 7, 2019. (Doc. 1). On August 29, 2019, then United States Magistrate Judge Donald G. Wilkerson entered a Memorandum and Order granting a joint motion to remand, reversing the decision to deny Plaintiff benefits and

---

[1] Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 28). On remand, the Administrative Law Judge, on April 25, 2025, issued a favorable decision awarding a period of disability beginning on March 6, 2016, with entitlement benefits starting September 16, 2016. (Doc. 32-1). Plaintiff was awarded past-due benefits of $88,691.00, 25% of which - $22,172.75 - the Commissioner withheld for attorney fees, subject to court approval. *Id*.

Counsel now seeks this Court's approval to collect a portion of the amount withheld by the Commissioner, $16,913.85 (Doc. 32). The motion explains and the record reveals that $5,258.90 for attorney's fees was previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2812. *Id*; (Doc. 31). Counsel submits the fee agreement, which provides for a fee of 25 percent of Plaintiff's past-due benefits. (Doc. 32-2). Counsel's law firm spent 29.6 hours working on this matter.

Under 42 U.S.C. § 406(b)(1)(A), the Court may allow a "reasonable fee" for an attorney's representation, not to exceed 25 percent of the total of Plaintiff's past-due benefits. But if the Court approves the fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1)(A). In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $5,258.90. (Doc. 31).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreements in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances here, including the contract between Plaintiff and counsel, the time and effort expended by counsel, the positive result received by Plaintiff, and the amount of the past-due benefits, the Court concludes that $22,172.75 is a reasonable fee. Counsel obtained a good result for Plaintiff, timely litigated the case, and there is no indication that Plaintiff was dissatisfied with counsel's representation. The Court further notes that the Commissioner neither supports nor opposes the attorney fee request. (Doc. 34). *See, e.g., Gisbrecht*, 535 U.S. at 798, n.6. (noting that while the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants").

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees filed under 42 U.S.C. § 406(b). (Doc. 32). The Court **AWARDS** Plaintiff's counsel a total fee of $22,172.75 to be paid out of Plaintiff's past-due benefits. Counsel shall retain the $5,258.90 in EAJA fees previously received in partial satisfaction of the § 404(b) fee award. The net balance of $16,913.85 shall be disbursed to counsel out of Plaintiff's past-due benefits.

**IT IS SO ORDERED.**

**DATED: September 10, 2025.**

Digitally signed by Judge Sison
Date: 2025.09.10 13:02:15 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**